# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

RODNEY F. JACKSON,

      Plaintiff,

v.

SCOTT GREEN, KEITH PETRIE,
KATHLEEN PETRIE, AND KPTOO,
INC.,

      Defendants.

No. 11-CV-4101-DEO

ORDER

_____

## I.  INTRODUCTION AND BACKGROUND

On or about October 17, 2011, Plaintiff commenced an action against Defendants in the Iowa District Court for O'Brien County; and, on November 10, 2012, Plaintiff's action was removed to this Court. Docket No. 2.

On March 7, 2012, Plaintiff filed a Pro Se Amended Complaint with this Court. Docket No. 17. Though Plaintiff does not explicitly identify his cause of action in his Amended Complaint, he does contend he was wrongfully arrested due to a false complaint filed by Defendant Keith Petrie, which is

properly construed as a malicious prosecution cause of action.[1]  Docket Nos. 17 and 19.

Currently before this Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction or, in the alternative, failure to state a claim upon which relief can be granted.  Docket Nos. 19 and 19-1 (Brief), 03/16/2012.

## II.  SUBJECT MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution or statute . . . ."  <u>Kokkonen v. Guardian Life Ins. Co. Of America</u>, 511 U.S. 375 (1994).  Typically, there are three exclusive means whereby a federal court may exercise subject matter jurisdiction:  (1) federal question jurisdiction, (2) diversity jurisdiction, and (3) supplemental jurisdiction.

### A.  Federal Question Jurisdiction

Federal question jurisdiction provides "a federal forum for plaintiffs who seek to vindicate federal rights," which "arise under the Constitution, laws or treaties of the United States."  <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 545

---

[1]The record clearly shows that Petrie had a tape recording wherein Jackson said he was going to kill Petrie and his wife.

U.S. 546, 552 (2005) (citing 23 U.S.C. § 1331). As previously noted, Plaintiff's cause of action is properly construed as a cause of action for malicious prosecution. Malicious prosecution, when a defendant is a private citizen or entity, does not constitute a violation of the Constitution.[2] Furthermore, Plaintiff does not contend the Defendants violated any law or treaty of the United States. Therefore, this Court lacks federal question jurisdiction.

## B. Diversity Jurisdiction

Diversity jurisdiction provides "a neutral forum" for cases "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." Id. (citing 28 U.S.C. § 1332). "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, 28 U.S.C. § 1332(a) requires that the matter in controversy in a diversity case exceed . . .

---

[2] In his pro se response to Defendants' motion to dismiss, Plaintiff alleges Defendants violated his Fourth, Sixth, and Fourteenth Amendment rights. Docket No. 20-1. However, the Constitution, with the exception of the Thirteenth Amendment's prohibition against slavery, only applies to state actors. Defendants are private citizens and a private corporation, and, therefore, the Fourth, Sixth, and Fourteenth Amendments do not apply to them.

$75,000." Id. Defendants concede that Plaintiff is a resident of Georgia, and they are residents of or incorporated in different states. Docket No. 19-1. However, Defendants claim Plaintiff has failed to meet the amount in controversy requirement. While Plaintiff does specify only $8,000.00 in damages, he goes on to request any further relief this Court may deem appropriate. Plaintiff is alleging Defendants' actions caused him to suffer 5 months incarceration, as well as additional incarceration due to the revocation of his parole for an unrelated offense. Monetary compensation for consequences of this sort, would, assuming Plaintiff were successful, no doubt exceed $75,000.00. Furthermore, pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted). Therefore, Defendants motion to dismiss for lack of subject matter jurisdiction is hereby denied.

**III. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is

entitled to relief." In order to be entitled to relief in a tort cause of action alleging injuries to a plaintiffs person or his reputation, such as a malicious prosecution cause of action, a plaintiff must file within two years of the time the cause of action accrued. Iowa Code § 614.1(2).

Under Iowa law, malicious prosecution claims accrue "only after termination of the prosecution by acquittal or discharge . . . ." The harassment charges allegedly initiated by Defendant Petrie, which are the subject of Plaintiff's cause of action, were dropped on May 4, 2009. Docket No. 17, 5. Therefore, the statute of limitations ran on May 3, 2011. Plaintiff, however, did not file this action in the Iowa District Court for O'Brien County until October 17, 2011.[3]

---

[3]     In Plaintiff's resistence to Defendants' Motion to Dismiss, he argues that, since he filed employment discrimination claims with the Iowa Civil Rights Commission and the Equal Opportunity Commission against the Defendants within the two year statute of limitations period, his claim is not statutorily barred. However Plaintiff's employment discrimination case, which was recently dismissed on separate grounds by Magistrate Judge Strand, is not at issue here and does not toll the statute of limitations period. See 10-CV-4058, Docket No. 62 (dismissing Plaintiff's employment discrimination causes of action).

Therefore, Plaintiff's cause of action is hereby dismissed for failure to state a claim upon which relief can be granted.

IV. **CONCLUSION**

**Because Plaintiff's cause of action is barred pursuant to the Iowa statute of limitations, Defendant's motion to dismiss is hereby granted.**

**IT IS SO ORDERED** this 29th day of January, 2013.

Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa